**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMBLEUR II LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    Civil Action No. 18-848-UNA |
|     v. | ) |
| | )    **PUBLIC VERSION** |
| ALM JET LIMITED and ALM | ) |
| LUXEMBOURG CAPITAL SARL, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff Ambleur II LLC ("Ambleur"), for its Complaint against Defendants ALM Jet Limited ("ALM") and ALM Luxembourg Capital SARL ("ALM Luxembourg") (collectively, "Defendants"), hereby alleges as follows:

## THE PARTIES

1.      Plaintiff Ambleur is a limited liability company organized under the laws of the State of Delaware, having its principal place of business at 10435 Riverside Drive, Suite 105, Palm Beach Gardens, Florida 33410.

2.      Defendant ALM is a business organized under the laws of the Isle of Man, having a registered office at Douglas Chambers, North Quay, Douglas, Isle of Man, IM1 4LA.

3.      Defendant ALM Luxembourg is a business organized under the laws of the State of Luxembourg, Luxembourg, having its principal place of business at 2 rue Heinrich Heine, L-1720 Luxembourg, Grand-Duchy of Luxembourg.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter is between a citizen of a State and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      This Court has personal jurisdiction over Defendants because they expressly consented to the jurisdiction of this Court ████████████████████████████ ████████████████████████████

6.      Venue is proper in this District because ████████████████████ ████████████████████ forum selection clause stating:

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████

7.      Venue is also proper in this District under 28 U.S.C. §§ 1391(b) because Defendants are subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

*Deposit of Escrow Funds*

8.      On February 1, 2018, Ambleur caused to be deposited $1,000,000.00 ████████ ████████████████████

*Aircraft Purchase Agreement*

9.      ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

10.      ██████████████████████████████

11.











## COUNT I
## BREACH OF CONTRACT

35.     Ambleur realleges and incorporates by reference the allegations contained in paragraphs 1 through 34 of the Complaint.





WHEREFORE, Ambleur respectfully requests that the Court enter judgment against Defendants and in favor of Ambleur for the full amount of Ambleur's breach of contract damages, plus costs, and interest; require Defendants to disgorge any ill-gotten gains; and enter all other just and proper relief.

### COUNT II
### CONVERSION

50.   Ambleur realleges and incorporates by reference the allegations contained in paragraphs 1 through 49 of the Complaint.

legal property of Ambleur





64.     Defendants intentionally and wrongfully exercised dominion ███████████

65.     Defendants intentionally exercised unlawful dominion ████████████ for the improper purpose of using the Deposit as leverage to skirt Defendants' obligations ████████

66.     Defendants further intentionally exercised unlawful dominion ████████████ ███████ in order to obfuscate their failure to meet their duty ████████████████

67.     Defendants' actions constitute conversion of Ambleur's property.

68.     As a direct and proximate result of Defendants' conversion of Ambleur's property, Ambleur has sustained damages of at least $235,657.27 plus interest ████████████ ███████████, in a final amount to be shown according to proof at trial.

WHEREFORE, Ambleur respectfully requests that the Court enter judgment against Defendants and in favor of Ambleur for the full amount of Ambleur's conversion damages, plus costs, interest, punitive damages, and attorneys' fees; require Defendants to disgorge any ill-gotten gains; and enter all other just and proper relief.

## COUNT III
## FRAUD

69.     Ambleur realleges and incorporates by reference the allegations contained in

paragraphs 1 through 68 of the Complaint.



71.     ALM failed to disclose ███████████████████ of which it had

knowledge. *See Exhibit A*, Schedule 3.6.

72.     By failing to identify ██████████████████████

73.     It was discovered ████████████████████

74.     At the time of their representation, Defendants were aware ██████████

████████████████████████████ or, alternatively, made such

representation with reckless indifference to the truth ████████████

75.     Defendants knew they were obligated to disclose ████████████

███████████ and intentionally chose to withhold their knowledge of ███████████ in

addition to affirmatively representing ██████████████████

76.     Defendants   intentionally   mispresented   ██████████████████████ ██████ in order to induce Ambleur ████████████████████████████ ████████████████ and caused Ambluer to incur attorney and other fees and costs.

77.     In reliance on Defendants' representation ████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

78.     Ambleur would not have ██████████████████ had Defendants disclosed the existence of █████████████████

79.     Also in reliance on Defendants' representation ████████████████ ████████████ Ambleur paid t ████████████████████████████ ████████ further   paid   for ████████████████████████████████ totaling approximately $235,657.27.

80.     Ambleur would not have paid those costs had Defendants disclosed ████████████ ████████████████████████

81.     Defendants' misrepresentations   continued   ████████████████████ Defendants intentionally misrepresented t ████████████████████ did not have a right to a return of the ███████ or, alternatively, made such representation with reckless indifference to the truth.

82.     Based on Defendants' representation, █████████████ could not return the ███████ to Ambleur, causing Ambleur to be deprived of the █████ that constituted its legal property for more than six weeks.

83.     Defendants' actions constitute fraud.

84. As a direct and proximate result of Defendants' continuing and persistent fraudulent and false representations, Ambleur has sustained damages in the amount of at least $235,657.27 plus interest on the [redacted] of $1,000,000.00, in a final amount to be shown according to proof at trial.

WHEREFORE, Ambleur respectfully requests that the Court enter judgment against Defendants and in favor of Ambleur for the full amount of Ambleur's fraud damages, plus costs, interest, punitive damages, and attorneys' fees; require Defendants to disgorge any ill-gotten gains; and enter all other just and proper relief.

Dated: June 5, 2018.
**Public Version Filed on: June 12, 2018**

Respectfully submitted,

*_/s/ Regina S.E. Murphy_*
Regina S.E. Murphy (No. 5648)
BARNES & THORNBURG LLP
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 300-3474
Facsimile: (302) 300-3456
E-mail: gigi.murphy@btlaw.com

Of counsel:

Todd Dixon (*Pro hac vice* application forthcoming)
Abby Vineyard (*Pro hac vice* application forthcoming)
BARNES & THORNBURG LLP
171 Monroe Avenue, N.W., Suite 1000
Grand Rapids, Michigan 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999
E-mail: todd.dixon@btlaw.com
abby.vineyard@btlaw.com

*Attorneys for Ambleur II LLC*